MICHEL JACOBS, PLAINTIFF, v. HORAN ENGRAVING COMPANY, INC., A BODY CORPORATE, DEFENDANT.

Submitted August 9, 1948—Decided August 25, 1948.

Before Justice BURLING.

For the plaintiff, *Parsons, Labrecque, Canzona & Combs* (*Thomas J. Smith,* of counsel).

For the defendant, *Schneider & Schneider* (*C. Conrad Schneider,* of counsel).

BURLING, J. This is an application on the part of the defendant, a corporation of the State of New York, to set aside the service of the summons and complaint and to quash the summons upon the ground that the defendant is not amenable to process within this state. The summons and complaint in the cause were served by the sheriff of Essex County upon Arthur Maroldi, the agent of the defendant. To support the motion, testimony was taken from which the following facts appear:

The defendant corporation is engaged in the business of manufacturing photo engravings and admittedly has its office and principal place of business in New York City. The company has never filed a certificate as required by statute with the Secretary of State and has appointed no agent for the service of process. Maroldi, upon whom the summons was served, is an agent of defendant who solicited business in this state and forwarded the orders for approval to the New York

office. In the early part of 1947, the defendant rented office space in a building owned by Maroldi in Newark and employed clerical and delivery help in the work of the company. Deliveries of defendant's products were made by Maroldi in a truck belonging to him. Defendant's name appears in the building where the office is located. The defendant paid a personal property tax to the City of Newark upon the property located in this office.

The statute pertaining to the service of process upon a foreign corporation (*R. S.* 2:26–44) reads as follows:

"Process in a personal suit or action commenced against a foreign corporation in any of the courts of this state shall be served forthwith after its delivery to the sheriff or other officer for service by serving a copy thereof either personally on, or by leaving the same at the usual place of abode in this state of any officer, director, agent, clerk or engineer of the corporation, resident in this state, or personally on any ticket or freight agent of the corporation in the county in which the venue of the action is laid, or by leaving the copy of the process at the office, depot or usual place of business within this state of the corporation.

"If there are none of the above-named persons resident within this state, and if there is no office, depot or place of business within this state, the process may be served on any motorman, conductor or servant of the corporation within this state and acting in the discharge of his duties."

The decisive question is whether the company was doing business in this state in such a manner as to render amenable to service of process under the above statute. The question of whether or not a foreign corporation is doing business in this state is one that cannot be decided by a hard and fast rule. Those cases which hold that isolated transactions of business are not enough, such as *Mennen Hat Co.* v. *Stanley Stores* (*Supreme Court,* 1931), 9 *N. J. Mis. R.* 320, and those which hold the taking of orders and solicitation of business by agents who come into this state for that purpose to be insufficient, such as *McClelland* v. *Colt's Patent Fire Arms Manufacturing Co.* (*Supreme Court,* 1932), 10 *Id.* 156, are not applicable to the facts in this case.

.Applying the pertinent principles to the instant case, it appears that Maroldi was given adequate rank and his authority was of sufficient generality to constitute him a representative for service under the statute. *Weiss* v. *Shapiro Candy Manufacturing Co., Inc.* (*Court of Errors and Appeals,* 1940), 126 *N. J. L.* 71.

The motion to set aside the service of the summons and complaint and to quash the summons is denied.